UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

ARTHUR SQUARE, LLC,
          Plaintiff,

versus

PETER T. GAYNOR, in his official capacity
as the Acting Administrator of the
FEDERAL EMERGENCY MANAGEMENT
AGENCY (FEMA),
          Defendant.

Civil Action No. ___1:19cv334___

## **COMPLAINT**

NOW INTO COURT comes Plaintiff, ARTHUR SQUARE LLC ("ARTHUR"), who files this Complaint against Defendant, PETER T. GAYNOR, in his official capacity as the Acting Administrator[1] of the FEDERAL EMERGENCY MANAGEMENT AGENCY ("FEMA"), on the grounds set forth below:

### **Jurisdiction and Venue**

1.    This action arises as a result of FEMA's denial of the ARTHUR's flood claim under the National Flood Insurance Act of 1968, as amended ("NFIA"; 42 U.S.C. §4001 *et seq.*), FEMA's regulations, and federal common law.

2.    This breach of contract action involves breaches of Standard Flood Insurance Policies ("SFIPs") General Property Form, 44 C.F.R. Pt. 61, Appx. A(2), that FEMA sold to ARTHUR pursuant to the NFIA.

---

[1] Pursuant to 42 U.S.C. § 4072, the only proper party defendant is the Administrator of FEMA in his official capacity, currently the Acting Administrator, Peter T. Gaynor.

3.     Pursuant to 42 U.S.C. § 4072 this Court has original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

4.     In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the interpretation of the SFIP, a federal regulation, creates numerous substantial federal questions.

5.     Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(b) and (c), and 42 U.S.C. §4072, as this Court encompasses the location of the subject property.

**Parties**

6.     Plaintiff, ARTHUR, is a limited liability company duly qualified and registered in the State of Texas.

7.     ARTHUR is the owner of the properties located at and commonly identified as 1501 Poole Avenue, Buildings 3, 6, 8, 10, 11, 12, and 14, and 1401 Poole Avenue, Buildings 4 and 15, Port Arthur, Texas, 77642-0428.

8.     Defendant is PETER T. GAYNOR, in his official capacity as the Acting Administrator of FEMA, as authorized under 42 U.S.C. §4072 to adjust and make payments for proved and approved losses covered by flood insurance, or to disallow, in whole or in part, flood insurance claims. *See also*, 44 C.F.R. Pt. 61, Appx. A(2), Art. VII.R. and 44 C.F.R. §62.22.

**Background Facts**

9.      FEMA sold SFIPs, General Property Form (44 C.F.R. Pt. 61, Appx. A(2)), to ARTHUR

for the subject properties, with Coverage Limits listed for Coverage A – Building, as follows:

|  |  |  |
|---|---|---|
| Policy # 4000530256 | 1501 Poole Ave. Building 3 | $500,000.00 |
| Policy # 4000530270 | 1501 Poole Ave. Building 6 | $500,000.00 |
| Policy # 4000530263 | 1501 Poole Ave. Building 8 | $500,000.00 |
| Policy # 4000530264 | 1501 Poole Ave. Building 10 | $500,000.00 |
| Policy # 4000530273 | 1501 Poole Ave. Building 11 | $500,000.00 |
| Policy # 4000530271 | 1501 Poole Ave. Building 12 | $500,000.00 |
| Policy # 4000530277 | 1501 Poole Ave. Building 14 | $500,000.00 |
| Policy # 4000530266 | 1401 Poole Ave. Building 4 | $500,000.00 |
| Policy # 4000555272 | 1401 Poole Ave. Building 15 | $181,500.00 |

*See*, Exhibit 1. ARTHUR paid all necessary premiums, and the SFIPs were in full force and effect

on or about August 30, 2017, and all relevant times thereafter.

10.     The SFIPs issued to ARTHUR covered flood damage to the building and other structures

described under Coverage A; contents under Coverage B; debris and loss avoidance measures as

described under Coverage C; and, costs incurred to comply with state or local flood plain

management laws or ordinances as described under Coverage D (also known as Increased Cost of

Compliance or ICC). This lawsuit specifically does not seek any claims under Coverage B or

Coverage D.

11.     On or about August 25, 2017, Hurricane Harvey began impacting the southern Texas coast

causing widespread, devastating, long-duration flooding (the "Flood") throughout much of

southeast Texas, and ultimately flooding ARTHUR's buildings and contents on or about August 30, 2017.

12.     As a direct and proximate result of the Flood, ARTHUR suffered direct physical losses to the buildings described herein. ARTHUR's properties were inundated with contaminated floodwaters for several days causing physical changes and damages directly by and from flood to the subject properties. ARTHUR has incurred and continues to incur significant expenses to restore the properties to pre-flood condition.

13.     ARTHUR timely notified FEMA of this flood insurance loss, as required by Article VII.J.1. of the SFIP.

14.     FEMA hired and sent an adjuster to ARTHUR's buildings to inspect the properties, prepare a damage estimates and a Proof of Loss forms, and to make adjustment recommendations to FEMA.

15.     FEMA and the adjuster prepared damage estimates and Proof of Loss forms, but they chose to not comply with the provisions and requirements of the SFIP and FEMA's own rules, regulations, guidance, and NFIP Claims Manual.

16.     ARTHUR felt pressured to sign and submit Proof of Loss statements to FEMA based upon FEMA and the independent adjuster's inspections and reports of the subject properties in order to receive initial damage assessment payments.

17.     ARTHUR realized that numerous flood damaged items had been omitted and other flood damage items were significantly underpaid by FEMA.

18.     ARTHUR objected to the estimates and payments by Defendant on the following grounds: the Defendant's estimates and payments did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the adjuster chose to use incorrect

and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to ARTHUR's buildings; and, the adjuster chose to use inappropriate and/or inadequate methods of repair.

19.      Because the adjuster's Proof of Loss statements and FEMA's payments based upon them were deficient and failed to adequately compensate ARTHUR for all covered losses, ARTHUR retained an independent expert, Morrison & Morrison, Inc., to evaluate the extent of the flood losses caused by the Flood.

20.      Morrison & Morrison, Inc. found that the Flood had damaged ARTHUR's properties in an amount and scope far greater than found by FEMA's adjuster.

21.      Morrison & Morrison, Inc. prepared estimates for specific sum certain actual cash value amounts for the omitted and underpriced items in each building.

22.      On August 23, 2018, Morrison & Morrison, Inc., on behalf of ARTHUR submitted signed and sworn Proof of Loss statements, with the supporting estimates referenced above, to FEMA in compliance with Article VII.J.4. of the SFIP.

23.      FEMA chose to not make any efforts to agree on the scope of damages; chose to not make determinations regarding missing items; chose to ignore the pricing submitted in the ARTHUR's estimates which were prepared by a qualified professional using industry standard software; and chose to not review its own estimates for improper methods of repair used by its adjuster. FEMA refuses to consider any additional payments or take any actions on the ARTHUR's Proof of Loss statements and estimates until ARTHUR produces receipt of "incurred" or "accrued" costs. There is no provision in the SFIP which requires the insured to make repairs.

24.      By failing to make any effort to reach agreement on the scope of damages and pricing with ARTHUR, FEMA has deprived the ARTHUR of the right to appraisal under the SFIP, Art. VII.P.

FEMA's choice not to consider ARTHUR's estimates and identifying the items it disputes or disallows also denies ARTHUR's right to appeal to FEMA. At this time, ARTHUR has no other alternative but to file suit to collect the amount due under the SFIPs.

25.     ARTHUR has complied with all conditions precedent within the SFIPs prior to filing this lawsuit, including, but not limited to, timely notifying FEMA of the losses and submitting timely Proof of Loss statements. Moreover, this suit is timely within 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, Appx. A(2), Art. VII.R.

26.     Despite receipt of the documentation evidencing FEMA's substantial underpayments, Defendant has delayed and denied these claims, which are due and owed under the SFIPs.

**Breach of Contract**

27.     ARTHUR re-alleges and incorporates each and every allegation set forth above as if set forth fully herein.

28.     This is an action for damages as a result of FEMA's breaches of the SFIPs, which are federal insurance contracts.

29.     ARTHUR and FEMA entered into these insurance contracts when Policyholder purchased from FEMA the above referenced SFIPs for the subject properties.

30.     The SFIPs, at all times relevant, provided flood insurance coverage to ARTHUR for physical damages to the subject properties caused by or from flood.

31.     Beginning on or about August 30, 2017, ARTHUR's buildings and contents flooded for an extended period of time. The Flood physically changed and damaged the subject properties.

32.     ARTHUR fully performed under the contracts by having paid all premiums when due, satisfying all SFIP requirements, including but not limited to Articles VII.J. and VII.R., and cooperating with the Defendant and its adjuster.

33.     ARTHUR complied with all conditions precedent to recovery, including but not limited to timely notification of the flood losses and submitting complete Proof of Loss statements with supporting documentation.

34.     FEMA materially breached the SFIPs when it chose to not pay ARTHUR for all covered damages caused directly by and from flood waters. Further, FEMA breached the SFIPs when it failed to pay for covered but omitted flood damaged items and when it underpaid numerous flood damaged items in the subject properties. Moreover, FEMA breached the contracts of insurance when it failed to perform other obligations it owed the Policyholder under the SFIPs.

35.     By virtue of its various breaches of contract, including the choice not to pay ARTHUR for its covered losses, FEMA is liable to and owes ARTHUR for the actual damages ARTHUR sustained as a foreseeable and direct result of the breaches of contract and all costs associated with recovering, repairing, and/or replacing the covered, flood damaged properties in accordance with the SFIPs, together with attorney's fees, all costs, expenses, and relief as allowed by law.

## Prayer for Relief

**WHEREFORE**, Plaintiff, ARTHUR SQUARE LLC, prays that after due proceedings are heard, that this Court entered Judgment in favor of the Plaintiff and against the Defendant for an amount up to and including the coverage limits under Coverage A under each SFIP; any and all other amounts payable under said policies, attorney's fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412; and, any and all other appropriate relief to which the Plaintiff may be entitled.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY:     _/s/ Phillip N. Sanov_
PHILLIP N. SANOV,  Tx. Bar No. 17635950

RAJAN PANDIT,        La. Bar No. 32215
                     Fed. ID 1070660
JOHN D. CARTER,      La. Bar No. 24334
                     Fed. ID 1058771
One Galleria Tower
2700 Post Oak Blvd., 21st Floor
Houston, TX 77056
Telephone:      (800) 615-3046
Facsimile:      (504) 313-3820
Email:          psanov@panditlaw.com
COUNSEL FOR PLAINTIFF